## H. A. WIDEMANN *vs.* LONOAEA ET AL.

#### ON EXCEPTIONS.

THE DEFENDANTS had contracted as laborers to work for the owners of "Waihee Plantation," who then were Messrs. H. & W. H. sold to W., and W. then sold the plantation to third parties, reserving a homestead and a few acres of land;

HELD, that the defendants are held by their contracts to work for W., and in his absence to obey the orders and directions of those in charge of his property and labor, but not in the service of other persons. The plaintiff taking no exceptions, cannot ask for a better judgment than he obtained in the Court below.

An appeal from Circuit Court considered as exceptions.

Opinion of the Court by McCULLY, J.

The case was heard by the Justices of the Circuit Court of

the Second Judicial Circuit June Term, 1877, the jury being waived, and judgment rendered for plaintiff.

The defendants had contracted as laborers with the " owners of Waihee Plantation," who were Messrs. Harris and Widemann; Mr. Harris first selling his interest in the plantation to the plaintiff, who subsequently sold it with a reservation of his homestead and a few acres, to third parties, and gave another party a power of attorney to employ the laborers under subsisting contracts. The defendants refused to serve the attorney or under him.

A. S. Hartwell for plaintiff:

I.   The Circuit Court give a general judgment for the plaintiff, but in his opinion stated that it should only be enforced on the plaintiff's land. The defendant having brought the case up here, this Court will give such judgment "as to law and practice shall appertain," Civil Code, Section 839. Powell on Appellate Proc. p. 341, Section 75.

II.   The question now assumes a two-fold aspect, viz.: Is not the judgment in case of Nott & Co., a precedent calling for a judgment for this plaintiff without limit as to his ownership of land, notwithstanding the reasoning of the Chief Justice in that case; and, secondly, if this case is not governed by that precedent, will not this Court find good cause to remove the limitation on the judgment of the Circuit Court.

(A).   The reasons or opinion of the Court form no part of the record, but the judgment has force as *res adjudicata* in all parallel cases.

13 Mass. 50; Freeman's Judgments, p. 55, Section 79; 12 Wh. 117; 6 Wall, 149; 8 *Ib.* 317.

The rule of *stare decisis* is based on rights and on public policy, and this case has no essential features differing from the Nott case.   1 Kent's Comm. 476.

In the Nott case, although there was an agreement to work for assigns in case of sale of the plantation, the record shows that no sale had been made, but only an agreement to sell, so

that the clause in that contract calling for labor for assigns is quite immaterial. It was therefore unnecessary to decide, and in fact was not decided in favor of Nott & Co.'s assigns, for there were none, but it was decided that Hutchinson, as Nott & Co.'s attorney, for his own sole use, and without any control of the labor or interest in it on the part of Nott & Co., could enforce the contract.

Widemann's contract binds the defendant "to perform such labor for the owners of the Waihee Plantation as they (he) shall direct," and "to obey all lawful commands of them (of H. A. W.), their (his) agents and overseers." But the deed of sale and the power of attorney show that the plaintiff is directly interested in the result of the defendant's labor, and nothing shows that he has parted with the control of it. How can the plaintiff's remedy against the defendant be affected then by his non-ownership of land?

The decision in the Nott case shows that it would be legitimate to agree even to work for one's assigns. This agreement was to work for the owners of the plantation generally, and to obey the lawful orders of their agents. They had a right to select their own agents, and did not agree to remain land-owners. The contract is not claimed to be annulled by the sale, why then is the order to work not as legal and therefore enforceable now as ever? The consequences of declaring the penal remedy lost by parting with ownership of land have been fully argued in the case of Waihee Plantation vs. Kalapu.

(B). But if there were no reason for deciding this case for the plaintiff on the ground of precedent, in a parallel case, there is nothing requiring the Court in any aspect of the case to limit the labor to the plaintiff's land. The large advances to the laborers, and not the change of overseers, is the reason for refusal to labor, and no decision should be made, unless clearly required by law, to encourage such attempts at fraud.

BY THE COURT.

The Court below in giving judgment say "that the defend-

H. A. Widemann v. Lonoaea et al.

ants can be held to labor for H. A. Widemann, notwithstanding he may have disposed of his interest in the Waihee Plantation. In this case the laborer is asked to perform labor in the service of H. A. Widemann, his original employer; that is, on his land, in employment in the results of which he is interested. * * * If the plaintiff furnishes legitimate employment for defendants in his own service, and complies with all the terms of the contract, the defendants are, under the laws of this Kingdom, still bound by their agreement, and to refuse is willful desertion punishable by law."

From the judgment thus limited to be an obligation to labor in the service of Widemann strictly, the defendants "appeal." But the counsel for the plaintiff now comes in and asks this Court, by force of the decision in Nott & Co. vs. Kanahele, decided since the judgment of the Circuit Court was given, to give the plaintiff judgment for the services of defendants, under any agents or attorneys he may appoint, and in the service of other parties than himself. Although the defendants term these proceedings an "appeal," we must treat them as exceptions on matters of law, for we have no statute provision for an appeal from the Circuit to the Supreme Court. In our practice exceptions are taken up from the rulings of the Circuit Court. This was fully considered in the King vs. Paakaula, 3d Haw. Rep., p. 30. As the plaintiff took no exceptions, how far can he take advantage of the defendants having excepted, to ask for a better judgment than he obtained in the Court below? We are cited to Section 839 of the Civil Code, "When judgment shall have been rendered in any case in which exceptions have been allowed the judgment may be vacated by the full Court, without any writ of error, in like manner as if it had been by mistake, and thereupon such further proceedings shall be had in the case as to law and justice shall appertain." This provision must be in view of the context. It provides generally for the steps to be taken when exceptions to rulings of a Justice at

*nisi prius* are sustained—as, for instance, that the verdict shall be set aside and a new trial ordered; but it does not place the case before the Court in the position of an appealed case before an Appellate Court, with jurisdiction to try it *de novo.* In this case the defendants' four exceptions briefly stated are: (1) That the labor contracts were terminated by plaintiffs selling the Waihee Plantation; (2) that the defendants contracted with the firm of Harris and Widemann; and (3) not with either individual; (4) and that the defendants have now no recourse against Widemann for non-payment of wages or other violations of the contract. If in any of these there is substantial ground of error in the judgment of the Circuit Court it will be set aside. The plaintiff is here to support the judgment against the exceptions taken to it, but he cannot in our view, take judgment *de novo* in this Court.

The first three points taken by the counsel below (Halstead) are directly covered by the case of the Owners of the Waihee Plantation *vs.* Kalapu, 3d Haw. Rep., 660, which decided that on the dissolution of the partnership the contracts held in favor of Widemann, and this carries the fourth point that contracts being mutual, the defendants can hold Widemann to performance of his part.

Following the rule of law to consider only what is set forth in the exceptions, there would be nothing further in this case, the exceptions being overruled, than to affirm the judgment. But we deem it right to go on to consider the new ground taken before us, as above referred to, that the Court might, in view of the decision in Nott & Co. *vs.* Kanahele, adjudge the defendants to be bound to serve whomsoever Widemann might constitute his attorney, without reference to the work being for Widemann.

There was considerable argument as to the authority of the decision in that case as a precedent, but we are fully agreed that it stands in the same position in this respect as other decisions made by a majority of the members of the Court,

and we further adopt the views of plaintiff's counsel, that the authority of a case relates to what is decided in it, and not the reasonings by which the result is reached; but this result cannot be separated from the facts in question on which the decision is made. It cannot therefore be claimed that Nott & Co. *vs.* Kanahele maintains the proposition that a contract laborer can be compelled to serve any other person to whom the master may give a power of attorney, for it is stated as the fact in the case that Kanahele's contract contained an ingredient different from any contained in ordinary contracts, an extraordinary clause to the effect that the defendant in case of the transfer of the Waiohinu Plantation will work for the persons to whom such plantation shall be conveyed, and on this basis the Court say, there is in this case no attempt to evade the law or to make the contract to assume any form which was not contemplated upon its very face, and which the defendant did not fully understand at the time of signing the contract.

There is in the contracts of the defendants no clause of like nature to the above, which they may be required to execute. They contain the ordinary provision that the laborer "will obey all lawful commands of the said party of the first part, his agent or overseers."

The plaintiff claims that this requires service for any person whom the master may make his agent or attorney for the purpose of using the servant's labor. We cannot take this to be the fair intendment of the words "his agent or overseers." In view of the context they refer to such persons as may be placed in charge of the property of, and delegated to overlook and direct the labor which is done for the master who makes the contract. It is a stipulation considered necessary to avoid difficulty about bound servants obeying the representatives of the master when he is not present in person. The other construction would make an ordinary labor contract assignable to any person, and without limitation. The doctrine of the Owners of Waihee Plantation *vs.* Kalapu expressly contravenes it, and

Nott & Co. *vs.* Kanahele only enforces a certain special and limited contract, and is not, in our view, inconsistent with the former case. The decision of the Circuit Court appears to us to be in conformity with the law with the two decisions cited, and with the terms of the contract.

It is in effect this, that the defendants are held by their contracts to work for Mr. Widemann, in his absence obeying the orders and directions of the person or persons who are in charge of his property and labor.

The judgment of the Circuit Court is affirmed.

Hon. A. S. Hartwell for plaintiff.

E. Preston for defendants.

Honolulu, November 2, 1877.